# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| JABARI DOZIER, #231703 | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | C.A. No.: 3:09-1766-PMD |
| v. | ) | |
| | ) | |
| | ) | |
| WARDEN PADULA | ) | **ORDER** |
| | ) | |
| Respondent.. | ) | |
| ———————————————— | ) | |

    This matter is before the Court on Petitioner Jabari Dozier's, #231703 ("Petitioner") *pro se* petition for writ of habeas corpus filed in this court pursuant to 28 U.S.C. § 2254 on June 29, 2009.[1] Petitioner alleges violations of Due Process and challenges the decision of the Disciplinary Hearing Officer for a violation of institutional rules that resulted in the loss of Good Time Credits while Petitioner was incarcerated at the Lee Correctional Institution ("LC.I."). Respondents filed a motion for summary judgement on September 29, 2009. In response, Petitioner filed a motion for summary judgment and a motion to amend his petition on November 12, 2009. Respondent filed a memorandum in opposition to summary judgment on November 19, 2009. On March 5, 2010, in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, the Magistrate Judge entered a Report and Recommendation ("R&R") recommending that Petitioner's motion to amend his petition be denied, Respondent's motion for summary judgment be granted, and Petitioner's habeas corpus petition be dismissed. Petitioner received the R&R on March 11, 2010 and filed timely objections in the Columbia Division of South Carolina District Court on March 24, 2010. Having reviewed the entire record, including Plaintiff's objections, the Court finds the Magistrate Judge

---

[1] Filing date per *Houston v. Lack*, 487 U.S. 266, 270-76 (1988).

fairly and accurately summarized the facts and applied the correct principles of law.  Accordingly, the Court adopts and incorporates the R&R into this Order.

## BACKGROUND

Petitioner is currently confined at Lee Correctional Institute of the South Carolina Department of Corrections.  This petition arises out of a disciplinary hearing held on September 23, 2008.  The following facts are not in dispute.  On July 23, 2008 Petitioner was charged with Exhibitionism and Public Masturbation.  He was informed of the disciplinary hearing for this violation on August 5, 2008 and the hearing was scheduled for August 12, 2008.  At this time, Petitioner waived his right to have his accuser present but requested the presence of counsel substitute ("CS").

At the hearing, the disciplinary hearing officer ("DHO") read the accusing officer's report as supporting documentation for her decision and later stated that the officer's report was the evidence relied on in making her decision.  She also stated that the Petitioners extensive history with similar charges is one reason for the punishment imposed.  At this hearing the Petitioner informed the DHO that he then wished to have his accuser present and that he had previously sent a request to have him present but this request was never received.  Petitioner was allowed to speak in his defense and to present any other evidence that he may have found appropriate.  Petitioner requested documentary evidence concerning the amount of mace that was used, but was denied this request. Petitioner was convicted of the infraction and as punishment received 180 days of suspended phone and canteen privileges, 360 days of suspended visitation, 90 days loss of good time, 360 days of disciplinary detention and was forced to wear the pink jumpsuit for 360 days.

Petitioner Dozier challenged the DHO's decision by filing a Step One grievance with the SCDC on August 26, 2008, which was considered and denied. He then filed a Step Two grievance on September 24, 2008, which was also considered and denied. Petitioner then appealed to the Administrative Law Court ("ALC") on August 1, 2008. The ALC dismissed the appeal on May 13, 2009 finding that Petitioner had received the minimal due process that is required in prison disciplinary proceedings and that there was "more than adequate evidence to support the conviction which is clearly not arbitrary, capricious or affected by any personal bias or prejudice." The record does not show, and the Petitioner concedes, that he did not challenge the decision any further and contends that further appeals would be futile because the South Carolina Court of Appeals or Supreme Court would not allow him to proceed *in forma pauperis* because he is a petitioning inmate. Petitioner filed his *pro se* habeas petition on June 29, 2009, in which he asserts the following grounds for relief:

**Ground One:** "Petitioner did not receive a written statement in which met [sic] the standard of the US Constitution of the 14th Amendment"

Supporting Facts: The Written Statement merely incorporated by reference, the charging employees report, and failed to point out essential facts upon which inferences were based.

The Department's policy require the same and Petitioner has a state created liberty interest in goodtime credits, the Dept. was required to follow their own policy.

**Ground Two:** "Petitioner was denied witness and documentary evidence, in violation of the US Constitution under the 14th Amendment."

Supporting Facts: The Petitioner requested correctional officer Bradford as a witness, days prior to this hearing as well as documentary evidence. Hearing officer -as usual- claimed to have never received request, and thus denied it. However prison policy on require Hearing Officer to receive a request for witness but to receive documentary evidence. The Constitution requires inmates confined to SMU/Lock-up to receive substantive assistance, provided in good faith and in the best interest of the inmate.

**Ground Three:** "The Hearing officer was not fair and impartial as required by the Constitution under the 14th Amendment"

Supporting Facts: The Hearing Officer attempted to adjourn the hearing and render a decision without first providing petitioner a chance to speak a word in his defense. The petitioner signaled his presence and the Hearing officer finally offered him a chance to speak. However statement later made by hearing officer indicate offer was made in an effort to complete a burdensome routine practice rather than to listen to petitioner with a fair and open mind.

Petitioner seeks to "restore his 90 days good time credits, and expungement of conviction.

Respondents filed a motion for summary judgement on September 29, 2009. In response, Petitioner filed a motion for summary judgment and a motion to amend his petition on November 12, 2009. Respondent filed a memorandum in opposition to summary judgment on November 19, 2009. The Magistrate Judge recommended to this Court that Petitioner's motion to amend his petition be denied, Respondent's motion for summary judgment be granted, and Petitioner's habeas corpus petition be dismissed.

<u>**STANDARD OF REVIEW**</u>

**1.      <u>Legal Standard for Summary Judgment</u>**

To grant a motion for summary judgment, the court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 5 (c). The judge is not to weigh the evidence but rather must determine if there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). All evidence should be viewed in the light most favorable to the nonmoving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123–24 (4th Cir. 1990). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991). "[T]he plain language of Rule 56 (c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The "obligation of the nonmoving party is 'particularly strong when the nonmoving party bears the burden of proof.'" *Hughes v. Bedsole*, 48 F.3d 1376, 1381 (4th Cir. 1995) (quoting *Pachaly v. City of Lynchburg*, 897 F.2d 723, 725 (4th Cir. 1990)).

Summary judgment is not "a disfavored procedural shortcut," but an important mechanism for weeding out "claims and defenses [that] have no factual bases." *Celotex*, 477 U.S. at 327. The court remains mindful that Petitioner is a *pro se* petitioner, and therefore, his pleadings are accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97 (1976). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in pleading to allege facts which set

forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## 2.     The Magistrate Judge's Report and Recommendation

The Magistrate Judge made his review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written objection to a Magistrate Judge's report within fourteen days after being served a copy of the report. 28 U.S.C. § 636(b)(1). From the objections, the court reviews *de novo* those portions of the R&R that have been specifically objected to, and the court is allowed to accept, reject, or modify the R&R in whole or in part. *Id.*

## 3.     Section 2254 Petitions

The court may grant habeas relief with respect to a claim adjudicated on the merits in state court proceedings only where such adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2).   As "a determination of a factual issue made by a State court shall be presumed to be correct," Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).   With respect to reviewing the state court's application of federal law, "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but

unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor*, 529 U.S. 362 (2000).

**ANALYSIS**

**A.    Exhaustion**

The Magistrate Judge found that Petitioner's claims were barred by the exhaustion requirements of 28 U.S.C. § 2254 because he did not appeal his Administrative Law Court decision to the South Carolina Court of Appeals or the Supreme Court of South Carolina.

Petitioner objects to this on the grounds that his appeals would have been futile because he did not have the available funding for filing fees and that his petition to proceed *in forma pauperis* would have been denied.  Pet. Objections to R&R, p. 1.

In order to file a Petition for Habeas Corpus relief in federal court a Petitioner must meet the exhaustion requirements laid out in 28 U.S.C. § 2254.  These requirements state that before a federal court will hear allegations of constitutional violations by state prisoners, those allegations must first be presented to the state's highest court for consideration.  *See Picard v. Connor*, 404 U.S. 270, 276 (1976).  This exhaustion requirement has been applied to both actions brought under §2254 and §2241. *Fain v. Duff*, 488 F. 2d 218, 223 (5th Cir. 1973).

The South Carolina Supreme Court has established procedures to handle appeals of inmates who wish to challenge their convictions, sentences, or other "non-collateral matters."  *Al-Shabazz v. State*, 338 S.C. 354, 527 S.E.2d 742 (2000).  *Al-Shabazz* allows an inmate an alternate route of appeals besides the traditional filing for Post Conviction Relief ("PCR") in the Court of Common Pleas.  That case allows the inmate seeking review of "non-collateral and administrative matters decided by SCDC" to appeal his case to an administrative court after completing the SCDC

grievance process, to appeal his case to an administrative court. *Id.* at 754. This decision may then be appealed to state circuit court, and finally circuit court cases can be appealed to the Supreme Court in the same manner that all civil cases are appealed. *Id.* at 381; S.C. Code Ann. §1-23-390.

Petitioner concedes that he never appealed his case to the Supreme Court or other South Carolina Appellate Courts but contends that it was because attempts to file a petition with the Supreme Court of South Carolina would have been futile because he was unable to pay the filing fee and the Appellate Courts would not have allowed him to proceed *in forma pauperis*. Pet. Objections to R&R, p. 1. In order to excuse his failure to exhaust, Petitioner must show cause and prejudice or actual innocence. *Wainwright v. Sykes*, 433 U.S. 72 (1977). In Petitioner's objection to the exhaustion portion of the R&R, he states "[a]lthough the petitioner did not use precise terms as 'cause' and 'prejudice,' he [nevertheless] made a showing thereof." Pet. Objections to R&R, p. 1. This court is aware of the Petitioner's *pro se* nature and affords him lenity in the interpretation of his pleadings.

To show cause, the Petitioner has the burden of showing why he did not obey the state rule. *Wainwright.* 433 U.S. at 116 (Brennan, J. dissenting). In this case, Petitioner has asserted that he did not appeal because it would have been futile. The Fourth Circuit has held that it is inappropriate to require an individual to go through an "empty formality" of offering the case to the highest court of the state if it is clear they will adhere to their "clearly established doctrine." *Perry v. Blackledge*, 453 F.2d 856, 857 (4th Cir. 1971). In *Perry,* the Supreme Court of North Carolina spoke on the precise issue as the Petitioner in that case twice in the year prior to the Petitioner's filing with the federal court. *Id.* Petitioner in this case has presented the affidavit of James Wise and the denial of Wise's motion to continue *in forma pauperis* as evidence that his petition would have also been

denied, and therefore it would have been futile to apply to the Supreme Court of South Carolina. This is insufficient to show that all petitions to continue *in forma pauperis* are denied or that Petitioners specifically would have been denied. Unlike *Perry*, Petitioner is unable to show that he is in the precise situation as Mr. Wise or any other petitioner that has had their motion to proceed *in forma pauperis* denied. Petitioner has failed to show that his motion to continue *in forma pauperis* would have been denied and therefore has failed to show that it would be futile to appeal.

Furthermore, the Fourth Circuit has noted that the inability to proceed *in forma pauperis* does not in and of itself "affect a prisoner's substantive rights, and it does not block his or her access to the courts." *Alitzer v. Deeds*, 191 F.3d 540, 546 n. 11 (4th Cir. 1999) (quoting *Adepegba v. Hammons*, 103 F.3d 383, 386 (5th Cir.1996)). For the above reasons, Petitioner has failed to show cause for why his failure to meet the exhaustion requirement should be excused.

In order to excuse Petitioner's failure to exhaust he must prove *both* cause and prejudice. Because he has been unable to show cause, it is unnecessary to discuss any potential prejudice to the Petitioner.

**B.    Motion to Amend**

Petitioner has filed a Motion to Amend his petition to remove the claim that the presiding officer was impartial. It is the Petitioner's position that his initial petition contained unexhausted claims but that his amended one will not. Pet. Mot. to Amend. This contention is without merit. None of the claims made in the petition have been reviewed by the South Carolina Court of Appeals or Supreme Court. Neither has exhaustion been excused on any claims, therefore Petitioner's Motion to Amend would be futile and would result in similar treatment by this court.

# CERTIFICATE OF APPEALABILITY

On December 1, 2009, the Rules Governing Section 2254 Cases in the United States District Courts were amended to require a District Court to issue or deny a certificate of appealability when a final ruling on a habeas petition is issued. The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee,* 252 F.3d 676, 683 (4th. Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.

## <u>CONCLUSION</u>

Based on the foregoing, the Court **ORDERS** that Petitioner's Motion to Amend and Motion for Summary Judgment is **DENIED**, that Defendants' Motion for Summary Judgment is **GRANTED,** that a Certificate of Appealability is **DENIED,** and that any remaining state law claims are **DISMISSED** without prejudice .

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**August 9, 2010**
**Charleston, SC**

11